Balkin, J.,
concurs in part and dissents in part, and votes to modify the judgment, as a matter of discretion in the interest of justice, by reducing the sentence imposed to an indeterminate term of imprisonment of 2 to 4 years, and otherwise affirm the judgment, with the following memorandum, in which Chambers, J., concurs.
I agree that the defendant’s conviction should be left undisturbed, but I would reduce his sentence as a matter of discretion in the interest of justice. Therefore, I respectfully dissent from so much of the order as affirms the sentence.
Sentencing is primarily a matter addressed to the discretion of the sentencing court, but we have the power to reduce sentences that we find, in the exercise of our own discretion, to be “unduly harsh or severe” (CPL 470.15 [6] [b]; see People v Rivera, 5 NY3d 61, 68 [2005], cert denied 546 US 984 [2005]; People v Miles, 173 App Div 179, 183 [1916]). That power to substitute our discretion for that of the sentencing court, even when the sentencing court has not abused its discretion (see *1064 People v Suitte, 90 AD2d 80, 85-86 [1982]), extends to whether a sentencing court appropriately exercised its discretion to impose a sentence authorized for the commission of a class A-I felony on a persistent felony offender. Indeed, as the Court of Appeals has recognized, the Appellate Division “can and should mitigate inappropriately severe applications of the [persistent felony offender] statute” (People v Rivera, 5 NY3d at 68). We have done so, sparingly (see e.g. People v Velazquez, 58 AD3d 646 [2009]; People v Greene, 57 AD3d 1004, 1006 [2008]; People v Truesdale, 44 AD3d 971, 972 [2007]; People v Friday, 114 AD2d 970, 972 [1985]).
It is plain that the defendant, who has many convictions, is a career criminal; the court correctly found that he was a persistent felony offender (see Penal Law § 70.10 [1] [a]). But, it is just as plain that the defendant is nonviolent; none of his many convictions was for acts involving any level of violence. All have been misdemeanors or low-level felonies for property crimes. The defendant’s current felony convictions are for the class E nonviolent felonies of grand larceny in the fourth degree and criminal possession of stolen property in the fourth degree. The court could have sentenced the defendant under Penal Law § 70.06 (3) (e) and (4) (b) to a maximum sentence of an indeterminate term of 2 to 4 years’ imprisonment (see Penal Law § 70.10 [2]). When the court determined, instead, to impose a sentence authorized for the commission of a class A-I felony (see Penal Law § 70.10 [2]), however, the range jumped dramatically: the minimum term beyond that 2-to-4-year indeterminate term became an indeterminate prison term of 15 years to life, which the court actually imposed; there is nothing in between.
The unreasonableness of this gap is illustrated by the ironic fact that, were the defendant a persistent violent felony offender convicted of a class E violent felony offense, the maximum permissible term would be an indeterminate term of four years to life (see People v Tolbert, 93 NY2d 86, 88 [1999]; William C. Donnino, Practice Commentaries, McKinney’s Cons Laws of NY, Book 39, Penal Law § 60.00 at 85). I note that a significant gap between the maximum permissible terms authorized under Penal Law § 70.06 (3) and (4) and the 15-years-to-life minimum permissible term authorized under Penal Law § 70.06 (2) also exists, but to a progressively diminishing extent, in the case of persistent felony offenders convicted of class D or C nonviolent offenses (see Penal Law § 70.06 [3] [c], [d]).
Without legislative attention to this chasm, courts will continue to choose between the 2-to-4-year maximum they may see as inadequate and the 15-years-to-life minimum they may *1065 see as draconian. The public is not well served by imposition of too-lenient or too-harsh sentences. Here, in light of the defendant’s criminal history, including his current crime, I conclude that his sentence to a term of 15 years to life is unduly harsh, and I would reduce it, as a matter of discretion in the interest of justice, to an indeterminate term of imprisonment of 2 to 4 years.